UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

UNITED STATES OF AMERICA

- against –

CHRIS KARIMBUX,

Defendant.
-----------------------------------------------------x

**MEMORANDUM & ORDER**
22-CR-387 (PKC)

PAMELA K. CHEN, United States District Judge:

Pending before the Court is Defendant Chris Karimbux's motion for early termination of his supervised release, which the Government opposes. (Def. Mot., Dkt. 32; Govt. Opp., Dkt. 33.) For the reasons that follow, that application is denied.

## I. Legal Standard

Pursuant to 18 U.S.C. § 3564(c), the Court is authorized to terminate the remainder of a defendant's term of supervised release, "pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation," 18 U.S.C. § 3583, "where a defendant has served at least one year of his supervised release and his conduct and the interests of justice so require[.]" *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) (noting that a defendant's "exceptionally good behavior" could justify reduction of a supervised release term). The defendant bears the burden of proving that he is eligible for early termination of supervised release under Section 3583(e)(1). *See United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010) ("To be eligible for termination of supervised release under 18 U.S.C. § 3583(e)(1), a defendant must establish that the termination is warranted by (1) the conduct of the defendant and (2) the interest of justice.") (citations omitted).

Early termination is "not warranted as a matter of course; on the contrary, it is only 'occasionally' justified." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (quoting *Lussier*, 104 F.3d at 36); *see also United States v. Fenza*, No. 03-CR-0921 (ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013) (reiterating that early termination "is not warranted as a matter of course"). As the Second Circuit explained in *Lussier*:

> Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a). In such cases, the court may invoke either subsection (1), which "works to the advantage of the defendant," or subsection (2), which "can be employed either to the defendant's advantage or his disadvantage," . . . to discharge the defendant from supervised release, to modify and make less demanding the conditions of release, or to reduce the length of the term of release.

104 F.3d at 36 (citations omitted).

"It is well-established that mere compliance with the terms of supervised release and the law is insufficient to justify termination." *United States v. Solano*, 19-CR-0017, 2023 WL 4599937, at *1 (E.D.N.Y. July 18, 2023); *United States v. Simels*, 08-CR-0640, 2023 WL 4599839, at *1 (E.D.N.Y. July 18, 2023); *see* United *States v. Stein*, No. 09-CR-0377 (RPK), 2020 WL 4059472, at *2 (E.D.N.Y. July 19, 2020) ("Exceptionally good behavior is not established by mere compliance with the terms of supervised release."); *United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("[F]ull compliance with the terms of supervised release is what is expected of [the defendant] . . . and does not warrant early termination[,]" noting that termination is not necessarily justified "where a defendant did nothing more than that which he was required to do by law.") (citations omitted).

In deciding whether to grant early termination of supervised release, the Court must also consider the "factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable." 18 U.S.C. § 3564(c); *see also* 18 U.S.C. § 3583(e) ("The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]").

## II. Early Termination Of Supervision Is Not Warranted

### A. Defendant's Underlying Criminal Conviction And Subsequent Violation of Supervised Release

In July 2016, Defendant was convicted in the Southern District of Florida of participating in a drug trafficking conspiracy involving 500 grams or more of cocaine. (Dkt. 33 at 1.) The Court sentenced him to 70 months' imprisonment and four years of supervised release. (*Id.*) Defendant began serving his supervised release term in this District on July 6, 2021. (*Id.*) Approximately one year later, on July 28, 2022, Defendant was arrested by the New York City Police Department, after he drove his car into a parked car and struck another vehicle as he attempted to flee, causing injury to multiple bystanders. (*Id.* at 1-2.) A little over four months later, on December 9, 2022, a judicially authorized search of Defendant's home revealed substantial evidence of drug trafficking, including crack cocaine, powder cocaine, oxycodone pills, heroin, and MDMA pills, along with $900 cash and stashes of multiple types of ammunition. (*Id.* at 2.) Defendant was then arrested and charged by the Queens District Attorney's Office with felony and misdemeanor drug and weapons offenses.

Based on Defendant's local arrest and prosecution, on December 13, 2022, the Probation Department filed a Violation of Supervised Release Report ("VOSR") containing 18 separate

charges. (Dkt. 6.) The Court issued an arrest warrant for Defendant on December 30, 2022, (Dkt. 9), and he was remanded at his initial appearance on the arrest warrant on August 10, 2023. (Dkt. 13.) On August 24, 2023, Defendant pled guilty before the Court to Charge #8 of the VOSR – criminal possession of a controlled substance – and the Court sentenced him to twelve months and one day of incarceration and five years of supervised release. (Judgment, Dkt. 19.) In sentencing Defendant, the Court expressed concern about the "seriousness of Mr. Karimbux's conduct, especially given his prior conviction and his sentence of 70 months in his underlying case. . . . I am extremely concerned about the seriousness of . . . his re-offense, which underlies Charge Number 8." (Transcript of August 24, 2023 Proceedings, Dkt. 24, at 27.) The Court similarly explained with respect to the length of the supervised release term: "I am imposing a term of supervised release of five years to follow because I do want to make sure that Mr. Karimbux is monitored for a significant period of time." (*Id*. at 32.)

Defendant started serving his (second) term of supervised release on July 7, 2024. (Dkt. 33 at 2.) Almost immediately, he began using drugs. Between August 2024 and February 2025, Defendant tested positive several times for cocaine and/or marijuana. (*Id*. (stating, *inter alia*, that "the defendant failed seven drug tests administered by the Probation Department" and "provided diluted urine samples"); *see* Non-Compliance Reports dated 9/25/24 and 3/5/25, Dkts. 25, 28.)[1]

**B. Defendant's Reasons For Early Termination Are Insufficient**

The defense argues that early termination of his supervised release is justified because he "has completed his drug treatment program," "is a successful employee with Comfort Solutions,"

[1] Although Defendant had a negative test in May 2025, he inexplicably has not been tested since then. (Dkt. 33 at 2 n.1.) Even assuming Defendant had tested negative after May 2025, the Court would still deny early termination at this time, since being drug-free, while commendable and positive, is simply a requirement of Defendant's supervision and expected.

"has been in full compliance with all terms of his supervised release," "has maintained a stable residence," and has taken care of his two young children, who live with Defendant's mother. (Dkt. 32 at 1-2.) In his letter to the Court, Defendant similarly points to his "successful completion of treatment, steady employment, commitment to [his] children and family, volunteer service [i.e., "giving [his] time on Sundays to serve and help other people"], and continued efforts to live as a responsible and productive member of society" as justifying early termination of his supervision. However, this conduct, while commendable, demonstrates only that Defendant has complied with the requirements of his supervised release. Such conduct by the Defendant is not enough to justify early termination. *See Solano*, 2023 WL 4599937, at *1 ("It is well-established that mere compliance with the terms of supervised release and the law is insufficient to justify termination."); *Rusin*, 105 F. Supp. 3d at 292 ("[F]ull compliance with the terms of supervised release is what is expected of [the defendant] . . . and does not warrant early termination[.]"). Furthermore, given Defendant's documented drug use as recently as February 2025, even his compliance with the conditions of supervision has been of relatively short duration. This simply is not a situation where Defendant's "exceptionally good behavior . . . render[s] [his] previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussiter*, 104 F.3d at 36 (citations omitted).

Furthermore, even if the Court were to find that Defendant's conduct while on supervised release qualifies as "exceptionally good behavior," the Court would still not find early termination warranted based on the relevant sentencing factors under 18 U.S.C. § 3553(a). As discussed, the Court deliberately imposed a five-year term of supervised release, based on the "seriousness of . . . his re-offence," and "to make sure that Mr. Karimbux is monitored for a significant period of time." (Dkt. 24 at 32.) Terminating Defendant's supervision after only a little over two years,

especially when he continued to use drugs at least until February 2025, would be contrary to the sentencing goals of specific deterrence and protecting the public from future harm by Defendant. 18 U.S.C. § 3553(a)(2)(B), (C); (Dkt. 24 at 28 (noting that while on drugs, Defendant crashed into two cars, causing one vehicle to hit a pedestrian); *id*. at 33 ("I believe [Defendant] has a serious drug problem that has caused him . . . to re-offend").) In this case, the Court imposed a slightly lengthier term of supervised release because of its concerns about Defendant re-offending, given that he had done so while on supervised release the first time, and because of its concerns about Defendant relapsing on drugs, which was partially responsible for his re-offense. And even during his second supervised release term, Defendant has relapsed on drugs again. While the Court is hopeful and optimistic about Defendant being abstinent from drugs, it is still important to continue Defendant's supervised release so that he will know that there are serious consequences if he does not do so and to enable him, as necessary, to participate in drug treatment. It is also important for the Probation Department to continue monitoring his compliance with all conditions of his release, as well as provide the necessary support for Defendant's ongoing successful reentry into the community. *See Solano,* 2023 WL 4599937, at *3 ("Continuing Defendant on supervised release is necessary to ensure that he will continue to participate in [sex offender] treatment as long as is deemed necessary or beneficial by the provider.") The Court, therefore, finds that based on the nature and circumstances of Defendant's offense and his personal history and characteristics, *see* 18 U.S.C. § 3553(a)(1), the need for the sentence to afford adequate deterrence, *see* 18 U.S.C. § 3553(a)(2)(B), and the need to provide Defendant with needed medical care in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D), he should remain on supervised release at this time.

Thus, the Court does not find that early termination of Defendant's supervised release term at this time would be in the interest of justice.

## CONCLUSION

Accordingly, Defendant's request for early termination of supervised release is denied.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 19, 2026
Brooklyn, New York